

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

January 15, 2025

**By ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *SEC v. Stephen Kenneth Leech*, **24-cv-9017 (KPF)**

Dear Judge Failla,

      Plaintiff Securities and Exchange Commission ("Commission" or "SEC") respectfully submits this letter to advise the Court that the Commission takes no position on the motion filed by the United States Attorney's Office ("USAO") to stay the above-captioned civil action. (Dkt. 13.) In addition, we write to advise the Court that the Commission may continue to investigate the conduct of non-parties to this action or the parallel criminal action. For the reasons stated below, any stay in this action should not restrict such continued investigation.

      As background, the Commission filed its Complaint against defendant Stephen Kenneth Leech on November 25, 2024. (Dkt. 1.) The Commission alleged that Leech, the former co-chief investment officer of Western Asset Management Company, LLC, engaged in a years-long fraudulent cherry-picking scheme in which he disproportionately allocated better performing trades to certain favored portfolios, and worse performing trades to other portfolios. On January 14, 2025, the USAO moved this Court for an order staying this matter in its entirety (the "Stay Motion") until the conclusion of a parallel criminal case, *United States v. S. Kenneth Leech II,* 24-cr-658 (GHW), noting that Leech does not oppose the Stay Motion.

      In light of the particular facts of this case, the SEC intends to continue to investigate the conduct of one or more persons or entities not named as defendants in the Commission's Complaint but arising from the same conduct alleged therein. Among other things, SEC staff may issue investigative subpoenas for documents and testimony.

      A stay of this enforcement action should not prevent the Commission from continuing its investigation as to nonparties. Section 21(a) of the Securities Exchange Act of 1934 grants the Commission independent authority to investigate potential securities law violations, including through the Commission's own subpoena power. See 15 U.S.C.

§ 78u(a). The Second Circuit and district courts in this and other Circuits have long recognized that an administrative agency may use its independent subpoena power to investigate individuals and entities while litigation is pending, at least where—as here—the agency is not using extra-judicial means to investigate the allegations in the pending litigation. *See, e.g., Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas"); *SEC v. F.N. Wolf & Co., Inc.*, No. 93 Civ. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) ("[The Commission's] institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than litigation."); *SEC v. Life Partners Holdings, Inc.*, No. 12-cv-00033-JRN, 2012 WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012) (concluding that the Commission "is not bound by the FRCP when investigating potential securities-law violations pursuant to its investigatory power" but that investigative testimony taken without leave of court violated the Federal Rules of Civil Procedure when "not taken for the sole purpose of investigating violations not alleged in the [c]omplaint"); *cf. FTC v. Waltham Watch Co.*, 169 F. Supp. 614, 620 (S.D.N.Y. 1959).

If in the course of its investigation the SEC staff obtains documents or sworn investigative testimony, the Commission may provide access to such documents and transcripts to the Assistant U.S. Attorneys assigned to the parallel criminal proceeding. The Commission will produce such documents and transcripts to Defendant in this action to the extent required by the Federal Rules of Civil Procedure and this District's Local Civil Rules when the Court ultimately lifts any stay it grants.

The Commission does not seek relief in this letter. Although SEC staff generally does not disclose its investigative plans, in light of the particular facts and circumstances here, the staff in its discretion wishes to advise the Court of its intent to continue its investigation of one or more nonparties which, for the reasons above, should not be prevented by the stay of this enforcement action.

    Sincerely,

    /s/

    Debra Jaroslawicz
    Trial Counsel
    Division of Enforcement

cc:    Counsel of record (by ECF)