UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>STEPHEN KENNETH LEECH,<br><br>                              Defendant. | 24 Civ. 9017 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On January 14, 2025, the United States of America, by and through the Acting United States Attorney for the Southern District of New York (the "Government"), moved to intervene in this action, seeking a complete stay of this action pending the resolution of a parallel criminal prosecution of Defendant in this District. (Dkt. #12 (Notice of Motion), 13 (Memorandum of Law ("Gov't Br."))). *See United States* v. *S. Kenneth Leech II*, No. 24 Cr. 658 (GHW) (S.D.N.Y.) (the "Criminal Case"). On January 15, 2025, Plaintiff the United States Securities and Exchange Commission (the "SEC") filed a letter indicating that the SEC takes no position on the Government's motion, and that it intends to continue to investigate one or more non-parties to the Criminal Case. (Dkt. #14). Counsel for Defendant informed the Government that Defendant does not oppose the Government's request for a stay. (Gov't Br. 1 & n.1). In a January 17, 2025 letter, Defendant confirmed that he does not oppose the Government's request. (Dkt. #15). For the reasons elaborated herein, the Court will grant the Government's motion to intervene, and will stay this case, noting that the stay does not prohibit the SEC from investigating non-parties to the Criminal Case.

As a general rule, courts "have allowed the government to intervene in civil actions — especially when the government wishes to do so for the limited purpose of moving to stay discovery." *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992); *see also SEC* v. *Credit Bancorp., Ltd.*, 297 F.3d 127, 130 (2d Cir. 2002). Intervention on these grounds is appropriate, as the Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *SEC* v. *Shkreli*, No. 15 Civ. 7175 (KAM) (RML), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (internal quotation marks omitted) (citing *SEC* v. *Chestman*, 861 F.2d 49, 50 (2d Cir. 1988)).

Such is the case here, as discovery in this matter has not yet begun, and the Government represents that allowing discovery to move forward may impair its interest in the enforcement of the criminal laws of the United States. (Gov't Br. 5-6). Accordingly, the Court grants the Government's application to intervene. *See* Fed. R. Civ. P. 24(a)(2) (permitting intervention as of right where the applicant "claims an interest relating to the property or transaction that is the subject of the action" and the applicant "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest").

Turning next to the Government's requested stay, "a court may decide in its discretion to stay civil proceedings … when the interests of justice … require such action." *Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). "[T]he power to stay proceedings is incidental to the power inherent in every court to

2

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A.* v. *LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotation marks omitted) (citing *Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936)). When considering whether to grant a stay, courts balance the following factors:

> [i] the extent to which the issues in the criminal case overlap with those presented in the civil case; [ii] the status of the case, including whether the defendants have been indicted; [iii] the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; [iv] the private interests of and burden on the defendants; [v] the interests of the courts; and [vi] the public interest.

*SEC* v. *El-Khouri*, No. 19 Civ. 9744 (LAP), 2021 WL 601652, at *2 (S.D.N.Y. Jan. 26, 2021) (citing *Louis Vuitton*, 676 F.3d at 97).

In its brief, the Government represents that each factor favors a stay of this matter. (Gov't Br. 8). The Court agrees. For one, there is substantial overlap between the facts of the Criminal Case and the instant SEC civil enforcement action (Gov't Br. 8), as both pertain to the same alleged fraudulent cherry-picking scheme by the same Defendant (*id.* at 2). This weighs heavily in favor of a stay. *See, e.g., SEC* v. *Carroll*, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *4 (S.D.N.Y. Mar. 17, 2020) ("'The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.'" (quoting *Volmar Distribs.* v. *N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993))). As for the status of the Criminal Case, Defendant has been formally indicted and appeared before the District Court. (Gov't Br. 10). The filing of an indictment weighs in favor of a stay.

*See, e.g.*, *In re Par Pharm, Inc. Sec. Litig.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990) ("The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment[.]"). As for the interests of the parties, neither Defendant nor the SEC oppose the stay. (Gov't Br. 10; Dkt. #14-15). However, the SEC requests that any stay in this action should not restrict its investigation as it pertains to the conduct of non-parties to the instant action and the Criminal Case. (Dkt. #14 at 1). The Court will address this below. Finally, the Court finds that the interests of both the judicial system and the public favor a stay, pending resolution of the Criminal Case, given the strong interests in judicial economy and against using civil discovery as a potential vehicle to circumvent the restrictions that would otherwise apply in criminal discovery. (Gov't Br. 10-13 (collecting cases)).

Accordingly, the Clerk of Court is directed to STAY this case pending further order of the Court. This stay does not prevent the SEC from continuing its investigation as to non-parties.

As the Government represents that no trial date has yet been set (Gov't Br. 10), the parties are hereby ORDERED to provide this Court with a status update regarding the scheduling of a trial, and another status update within one week of the conclusion of a trial or any other significant update in the Criminal Case. Thereafter, the parties shall provide status updates to this Court every six months, or within one week of any significant update in the Criminal Case.

The Clerk of Court is further directed to terminate the pending motion at docket entry 12.

SO ORDERED.

Dated:  January 21, 2025
        New York, New York

                                                      KATHERINE POLK FAILLA
                                                      United States District Judge